IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARIEL ACEVEDO, | ) | Case No. 4:15CV2045 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| R. HANSON, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |
| | ) | |

This matter is before the undersigned on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Ariel Acevedo ("Petitioner") on September 29, 2015.[1] ECF Dkt. #1. Respondent R. Hanson, Warden of Elkton Federal Correctional Institution ("Respondent"), filed a return of writ on December 11, 2015. ECF Dkt. #7. Petitioner did not file a traverse to Respondent's return of writ.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

## I. PROCEDURAL HISTORY

The instant habeas petition arises from Petitioner's conviction and sentence in a criminal case in the United States District Court, District of Massachusetts. ECF Dkt. #1 at 2; ECF Dkt. #7-1; ECF Dkt. #7-2. In that case, Petitioner pleaded guilty to Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

and Distribution of Heroin, in violation of 21 U.S.C. §841(a). ECF Dkt. #7-1 at 2-3. Subsequently, on July 8, 2013, Petitioner was sentenced to a term of 108 months of imprisonment and forty-eight months of supervised release for each count, to run concurrently, based upon the agreement of the parties. *Id.* at 2-3, 11; ECF Dkt. #7-2 at 4.

After the court's acceptance of his guilty plea and the imposition his sentence, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on May 20, 2014, which was amended on August 8, 2014. ECF Dkt. #7-1 at 9. Petitioner's motion and amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 were denied on September 8, 2014. *Id.* Following these denials, Petitioner filed a motion for reconsideration on September 22, 2014, and a motion to reduce his sentence on November 17, 2014. *Id.* at 8. These motions were also denied. *Id.* at 7-8. Petitioner's request for a certificate of appealability was likewise denied. *Id.* at 7.

## II.     FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 on September 29, 2015. ECF Dkt. #1. In his habeas petition, Petitioner asserts that he should be released from federal custody as the result of two recent decisions issued by the Supreme Court of the United States. *See* ECF Dkt. #1 at 2-6. Petitioner claims that, based on the implications of this newly established precedent, he can establish that he is actually innocent of the sentencing enhancement applied to his sentence. *Id.* at 2-3. For these reasons, Petitioner now asks that he be released from federal custody. *Id.* at 6. Respondent filed a return of writ on December 11, 2015. ECF Dkt. #7. In the return of writ, Respondent contends that this Court lacks jurisdiction to consider Petitioner's 28 U.S.C. § 2241 petition because Petitioner has failed

to show that a 28 U.S.C. § 2255 motion was not the proper vehicle by which to challenge his sentence.  *Id.* at 3-8.

### III.    STATUTORY SCHEME AND JURISDICTION

#### A.    Statutory Scheme

A federal prisoner who seeks to assert a claim attacking a conviction or sentence that allegedly violates the Constitution or laws of the United States should first seek the primary avenue of relief under 28 U.S.C. § 2255.  *Davis v. United States*, 417 U.S. 333 (1974).  Claims under 28 U.S.C. § 2255 challenge the imposition or duration of the prisoner's sentence.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Claims challenging the execution or manner of the prisoner's sentence are properly brought under 28 U.S.C. § 2241.  *Id*.  Thus, a petitioner seeking to challenge how his sentence is being executed, such as the conditions of his confinement or the calculation of a release date, should petition under 28 U.S.C. § 2241.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

As stated above, 28 U.S.C. § 2255 is generally the primary vehicle for relief for a petitioner who is held in federal custody and seeks to challenge defects in his conviction or sentence.  However, 28 U.S.C. § 2255(e) provides a narrow exception known as the savings clause.  Under the savings clause, a federal prisoner may challenge his conviction or sentence by filing a 28 U.S.C. § 2241 petition if it appears that "the remedy provided by § 2255 'is inadequate or ineffective to test the legality of his detention.'"  28 U.S.C. § 2255(e); *In re Gregory*, 181 F.3d 713, 714 (6th. Cir. 1999).  "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the

petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal citations omitted). Rather, "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence." *Martin v. Perez,* 391 F.3d 799, 802 (6th Cir. 2004) (quoting *Martin I,* 319 F.3d 799, 804 (6th Cir. 2003)). A claim of "actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, in order for a petitioner to establish actual innocence, he must show that "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

### **B.** **Jurisdiction**

Proper jurisdiction depends on whether a petitioner files a 28 U.S.C. § 2241 petition or a 28 U.S.C. § 2255 motion. Proper jurisdiction for the filing of a 28 U.S.C. § 2241 petition is in the district in which the prisoner is confined. *Id*. *See Sanders v. United States*, 373 U.S. 1, 14 (1963). If a petitioner files a 28 U.S.C. § 2255 motion, the proper jurisdiction for the filing is in the district of the sentencing court. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

### **IV.** **ANALYSIS**

Petitioner challenges the legality of his sentence on the basis that he is "actually innocent of the sentence enhancement." *See* ECF Dkt. #1 at 2-6. The primary avenue for relief from a sentence that allegedly violates the Constitution or laws of the United States is a motion filed pursuant to 28 U.S.C. § 2255. *Davis*, 417 U.S. at 333; *Terrell*, 564 F.3d at 447. A petition pursuant to 28 U.S.C. § 2241 is typically "reserved for a challenge to the manner in which the sentence is executed, rather than the validity of the sentence itself." *Capaldi*, 135 F.3d at 1123.

4

Accordingly, the proper vehicle by which Petitioner should challenge the legality of his sentence is a motion pursuant to 28 U.S.C. § 2255.

Petitioner did not file a motion pursuant to 28 U.S.C. § 2255, but rather filed a 28 U.S.C. § 2241 petition. ECF Dkt. #1. Previously, Petitioner did seek relief by filing a motion, and amended motion, pursuant to 28 U.S.C. § 2255, in the United States District Court, District of Massachusetts.[2] *See* ECF Dkt. #7-1 at 9. These motions were denied. *Id.* However, under the savings clause, as discussed above, a federal prisoner may challenge his conviction or sentence by filing a 28 U.S.C. § 2241 petition if it appears that "the remedy provided by § 2255 'is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e); *In re Gregory*, 181 F.3d at 714. Notably, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied..." *Charles*, 180 F.3d at 756. Rather, "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence." *Martin I*, 319 F.3d 804.

Petitioner does not argue that he was actually innocent, instead asserting that *McFadden v. United States*, 135 S.Ct. 2298 (2015), and *Burrage v. United States*, 134 S.Ct. (2014), have created "new elements" establishing that he is actually innocent of the "sentencing enhancement." *Id.* at 2-3. As an initial matter, the Sixth Circuit had held that challenges to a sentence, as opposed to a conviction, do not fall within the reach of the savings clause contained in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences.

---

[2]Petitioner was sentenced in the United States District Court, District of Massachusetts, and is currently incarcerated in Elkton Federal Correctional Institution, located in Lisbon, Ohio. Accordingly, Petitioner is confined in the Northern District of Ohio.

Courts have generally declined to collaterally review sentences that fall within the statutory maximum"). Despite Petitioner's use of the terminology "actually innocent," he does not assert that he was wrongfully convicted, but only that his sentence enhancement was improper based on new rulings issued by the Supreme Court of the United States.

Regarding the decisions of the Supreme Court of the United States on which Petitioner relies, namely *McFadden* and *Burrage*, neither case assists in his effort to argue that he may properly file the instant 28 U.S.C. § 2241 petition rather than a 28 U.S.C. § 2255 motion, and that he should be released from custody. In *McFadden*, the Supreme Court of the United States held that when a controlled substance is analogue, 21 U.S.C. § 841(a)(1) requires that the defendant knew he was dealing with a substance regulated under the Controlled Substances Act or Analogue Act. 135 S.Ct. 2298. Petitioner pleaded guilty to charges involving the distribution of heroin, a well known illegal drug, and, in any event, even if Petitioner claimed that he did not know that heroin is illegal, which he does not claim, ignorance of the law would not be a defense against criminal prosecution. *See id.* at 2304. As such, *McFadden* is inapplicable to Petitioner's case.

In *Burrage*, the Supreme Court of the United States explained:

> We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

134 S.Ct. 881 at 892. Additionally, *Burrage* established that a defendant who distributed heroin used by a victim who died of a drug overdose after also using other drugs could not be convicted under the penalty enhancement provision absent evidence that the victim would have lived but-for his heroin use. *Id.* Petitioner's sentence was not enhanced as the result of the death or

6

serious injury of someone to whom he sold heroin. Like *McFadden*, *Burrage* is inapplicable to Petitioner's case. Petitioner also argues that both of these cases are retroactive, however, this argument is moot as neither case has bearing on the issues presented in Petitioner's habeas petition.

Finally, Petitioner again asserts that he meets the requirements of the savings clause provided in 28 U.S.C. § 2255(e). ECF Dkt. #1 at 5-6. However, "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence." *Martin,* 391 F.3d at 802 (quoting *Martin I,* 319 F.3d at 804). A claim of "actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner does not assert that he is actually innocent of the crimes for which he entered a guilty plea and was convicted, but rather asserts actual innocent as to the "sentence enhancement." ECF Dkt. #1 at 2, 6. The Sixth Circuit has expressly held that claims of sentencing errors may not serve as the basis for an actual innocence claim. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

As such, Plaintiff has failed to show that the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e). Accordingly, Petitioner cannot challenge his enhanced sentence under 28 U.S.C. § 2241. Additionally, despite the fact that Petitioner filed his habeas petition under 28 U.S.C. § 2241, he actually raises claims that are of the kind that should be presented in a 28 U.S.C. § 2255 motion, since he challenges the imposition and duration of his sentence rather than the execution or manner of his sentence. *See Terrell*, 564 F.3d at 447. Since Petitioner's habeas petition challenges his sentence, his petition should be construed as a 28 U.S.C. § 2255 motion and filed in the sentencing court. For this reason, the Court lacks jurisdiction over Petitioner's habeas

petition. *See Jalili*, 925 F.2d at 893. Although the undersigned recognizes that Petitioner is acting *pro se*, he has already filed a 28 U.S.C. § 2255 motion, and amended motion, in the United States District Court, District of Massachusetts, both of which were denied. *See* ECF Dkt. #7-1 at 9. Petitioner has not indicated that he has sought leave to file another 28 U.S.C. § 2255 motion. For these reasons, the undersigned recommends that the Court dismiss Petitioner's habeas petition in its entirety with prejudice, rather than transfer the petition to the sentencing court.

## V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.


DATE: July 14, 2017            */s/ George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).